# EXHIBIT 2

# SETTLEMENT AGREEMENT AND RELEASE

This is a Settlement Agreement and Release ("Agreement") between Saul Graciano, Julio Rivera, Misael Armendades, Melvin Menjivar Alas, Welner Ortiz, Jorge Luis Miranda, Diego William Palma, Ilse Torrico, Moises Torres ("Plaintiffs") and Pillar Construction, Inc. ("Pillar"). Defendant and Plaintiffs shall collectively be referred to herein as the "Parties," and individually, each as "Party."

WHEREAS, Saul Graciano filed a collective action lawsuit against Pillar Construction Inc. and Crystal Drywall, Inc. (collectively, "Defendants"), 24-cv-02045 in the United States District Court for the Eastern District of Virginia, (the "Lawsuit");

WHEREAS, Julio Rivera, Misael Armendades, Melvin Menjivar Alas, Welner Ortiz, Jorge Luis Miranda, Diego William Palma, Ilse Torrico opted-in to join the lawsuit;

WHEREAS, Plaintiffs seek lost wages and damages resulting from their claims for unpaid overtime, as well as attorneys' fees, and Plaintiffs have made a claim for such;

WHEREAS, no determination has been made on the merits of the Lawsuit;

WHEREAS, Crystal Drywall, Inc. did not respond to or appear in the Lawsuit;

WHEREAS, Pillar denies and continues to deny the claims of unlawful failure to pay overtime wages and misclassification alleged by the Plaintiffs and further deny any responsibility for payment of such wages; and

WHEREAS, the Parties agreed to settle the potential claims that have been, or which could have been, brought in this matter, or any litigation by Plaintiff against Pillar; and

WHEREAS, the Parties desire to document the terms of their compromise and settlement, with the Parties agreeing that Pillar admits no wrongdoing, fault, or liability whatsoever, and that nothing herein shall be construed or interpreted as an admission of any wrongdoing, fault or liability of Pillar;

NOW THEREFORE, in consideration of the mutual promises, covenants, and conditions set forth herein, and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties agree as follows:

1. ***Filing of Dismissal:*** Within ten (10) business days of receipt by Plaintiffs' counsel of the full and final payments described in paragraph 2, Plaintiff shall file a notice of dismissal the Lawsuit with Prejudice without costs or fees assessed against any Party except as provided for in this settlement,.

2. ***<u>Payment by Pillar:</u>*** Within ten (10) days of Effective Date of the Agreement, Pillar will issue payment totaling $60,000, inclusive of any and all costs and attorneys' fees incurred, in full and final settlement of Plaintiff's claims (the "Settlement Payment"). The Settlement Payment shall represent payment the following payments to the Plaintiffs for their alleged damages:

- Saul Graciano: $3,442.50
- Julio Rivera: $2296.80
- Misael Armendades: $2514.00
- Melvin Menjivar Alas: $342.00
- Welner Ortiz: $1170.00
- Jorge Luis Miranda: $1778.40
- Diego William Palma: $2460.00
- Ilse Torrico: $3078.00
- Moises Torres: $3,967.50

The above amounts to Plaintiffs represent a total of $21,049.20. The remainder of the settlement, $38,950.80, shall be paid to Plaintiffs' counsel for fees and expenses. These payments shall be made by check made payable to Handley Farah & Anderson PLLC, for which an IRS form 1099 will be issued. The check shall be sent in care of Matthew K. Handley, Esq., Handley & Anderson PLLC, 1050 Connecticut Avenue, Suite 500, Washington DC 20036. Alternatively, the parties may agree that this payment shall be made electronically, using payment information provided by Plaintiffs' counsel.

No other attorneys' fees will be awarded or are payable as a result of the settlement contemplated by this Agreement. Prior to such payment, Handley Farah & Anderson PLLC will provide Pillar's counsel with a completed IRS Form W-9. Handley Farah & Anderson PLLC will be responsible for distributing these funds to Plaintiffs and co-counsel and Pillar shall have no liability for any failure to properly do so.

3. ***Released Claims by Plaintiffs:*** Plaintiffs agree to and hereby do, for themselves and for each of their heirs, representatives, executors, administrators and assigns, forever and irrevocably fully releases and discharge Pillar and its officers, directors, employees, agents, parents, affiliates, predecessors, successors, purchasers, assigns, and representatives, from all releasable claims related to their work on the Projects at issue in this Lawsuit, including any claims for retaliation for filing the Lawsuit. ***Notwithstanding anything in this Agreement to the contrary, nothing in this Agreement will waive, relinquish, diminish, release or in any way affect (i) any rights expressly provided for in this Agreement; or (ii) any rights that, as a matter of law, cannot be released or waived.*** Plaintiff agrees to this Release knowingly and voluntarily.

4. ***Released Claims by Pillar:*** Pillar agrees to, and hereby does, for itself and for each of its officers, directors, employees, agents, parents, affiliates, predecessors, successors, purchasers, assigns, and representatives, forever and fully release and discharge Plaintiffs from claims that relate to their employment on the Projects at issue in this lawsuit. ***Notwithstanding anything in this Agreement to the contrary, nothing in this Agreement will waive, relinquish, diminish, release or in any way affect (i) any rights expressly provided for in this Agreement or (ii) any rights that, as a matter of law, cannot be released or waived.*** Pillar agrees to this Release knowingly and voluntarily.

5. ***Effective Date of Agreement:*** The Effective Date of this Agreement shall be the date that the United States District Court for the Eastern District of Virginia approves it.

6. ***No Admission of Liability:*** Plaintiffs expressly acknowledge and agree that this Agreement is not an admission of liability under any federal, state, or local statute, regulation, or ordinance, or breach of any contract, duty or obligation owed by Pillar to Plaintiffs and is not otherwise an admission by Pillar, and that Pillar does not admit, but denies any violation of any of the Plaintiffs individual and/or collective legal rights and that this Agreement is solely entered into by Pillar in order to avoid the inconvenience and costs of litigation of Plaintiffs' claims.

7. ***Breach of Agreement:*** The Parties expressly agree that a breach of any of the promises and covenants contained or referenced in this Agreement shall be considered a material breach of the terms of this Agreement, and shall entitle the injured Party, as the prevailing party and/or parties in any such lawsuit, from any breaching Party, to any and all remedies available at law and costs and reasonable attorneys' fees incurred in enforcing any provision of or any right contained in this Agreement, unless otherwise specifically prohibited by statute or regulation.

8. ***Court Approval.*** The parties will work cooperatively to obtain approval of the Settlement. If approval is denied, the parties will be restored, in terms of their rights, to the position they were in on September 7, 2025.

9. ***Entire Agreement and Enforcement:*** The Parties agree that this Agreement shall be binding upon the assigns, heirs, executors, and administrators of the Plaintiff and shall inure to the benefit of the officers, directors, employees, agents, parents, affiliates, predecessors, successors, purchasers, assigns, and representatives of Pillar. The Parties agree that this Agreement supersedes all prior agreements between the Parties, and this Agreement constitutes the entire agreement between the Parties and all previous discussions, promises, representations, and understandings relating to the topics herein discussed are hereby merged into this Agreement. The Parties agree that there are no additional promises or terms among the Parties relating to the topics herein other than those contained or referred to herein, and that this Agreement shall not be modified, waived or amended except in writing signed by each of the Parties.

10. ***Governing Law and Venue:*** The validity and construction of this Agreement or of any of its terms or provisions shall be determined under the laws of Virginia by the United States District Court for the Eastern District of Virginia or, if it is unable or unwilling to do so, a court having jurisdiction over Alexandria, Virginia, regardless of any principles of conflicts of laws or choice of laws of any jurisdiction.

11. ***Severability:*** Whenever possible, each provision of this Agreement will be interpreted in such manner as to be effective and valid under applicable law. If, however, any of the provisions contained in this Agreement is declared illegal, unenforceable, or ineffective in a legal forum of competent jurisdiction, Plaintiffs agree that such provision shall be modified and reformed, if possible, in order to achieve, to the extent possible, the intentions of the Parties, and, if necessary, such provision shall be deemed severable, such that all other provisions contained in this Agreement shall remain valid and binding.

12. ***Consultation with Attorney:*** The Parties acknowledge that they have been represented by counsel regarding the terms of this Agreement before signing it.

13. ***Counterparts and Facsimile Signature:*** This Agreement may be executed in counterparts, each of which will be deemed an original, but all of which together will constitute one and the same instrument. A facsimile or PDF copy of the signature of any signatory on this Agreement shall be deemed the equivalent of an original thereof. The signatories can execute on separate documents.

14. ***Continuing Jurisdiction.*** The parties shall request that the United States District Court for the Eastern District of Virginia retain jurisdiction over this matter for purposes of enforcing this settlement agreement.

**SIGNATORIES REPRESENT THAT THEY HAVE READ THIS AGREEMENT, THAT BASED THEREON, THEY UNDERSTAND ALL OF ITS TERMS, AND THAT THEY ENTER INTO THIS AGREEMENT VOLUNTARILY AND WITH FULL KNOWLEDGE OF ITS EFFECT.**

09/15/2025
Date — Saul Graciano

Date — Julio Rivera

Date — Misael Armendades

Date — Melvin Menjivar Alas

Date — Welner Ortiz

Date — Jorge Luis Miranda

13. ***Counterparts and Facsimile Signature:*** This Agreement may be executed in counterparts, each of which will be deemed an original, but all of which together will constitute one and the same instrument. A facsimile or PDF copy of the signature of any signatory on this Agreement shall be deemed the equivalent of an original thereof. The signatories can execute on separate documents.

14. ***Continuing Jurisdiction.*** The parties shall request that the United States District Court for the Eastern District of Virginia retain jurisdiction over this matter for purposes of enforcing this settlement agreement.

**SIGNATORIES REPRESENT THAT THEY HAVE READ THIS AGREEMENT, THAT BASED THEREON, THEY UNDERSTAND ALL OF ITS TERMS, AND THAT THEY ENTER INTO THIS AGREEMENT VOLUNTARILY AND WITH FULL KNOWLEDGE OF ITS EFFECT.**

| | |
|---|---|
| ______________ Date | ______________ Saul Graciano |
| 09/15/2125 ______________ Date | Julio A Rivera ______________ Julio Rivera |
| ______________ Date | ______________ Misael Armendades |
| ______________ Date | ______________ Melvin Menjivar Alas |
| ______________ Date | ______________ Welner Ortiz |
| ______________ Date | ______________ Jorge Luis Miranda |

13. ***Counterparts and Facsimile Signature:*** This Agreement may be executed in counterparts, each of which will be deemed an original, but all of which together will constitute one and the same instrument. A facsimile or PDF copy of the signature of any signatory on this Agreement shall be deemed the equivalent of an original thereof. The signatories can execute on separate documents.

14. ***Continuing Jurisdiction.*** The parties shall request that the United States District Court for the Eastern District of Virginia retain jurisdiction over this matter for purposes of enforcing this settlement agreement.

**SIGNATORIES REPRESENT THAT THEY HAVE READ THIS AGREEMENT, THAT BASED THEREON, THEY UNDERSTAND ALL OF ITS TERMS, AND THAT THEY ENTER INTO THIS AGREEMENT VOLUNTARILY AND WITH FULL KNOWLEDGE OF ITS EFFECT.**

| | |
|---|---|
| ____________ Date | ____________ Saul Graciano |
| ____________ Date | ____________ Julio Rivera |
| 09/15/2025 Date | [signature] Misael Armendades |
| ____________ Date | ____________ Melvin Menjivar Alas |
| ____________ Date | ____________ Welner Ortiz |
| ____________ Date | ____________ Jorge Luis Miranda |

13. ***Counterparts and Facsimile Signature:*** This Agreement may be executed in counterparts, each of which will be deemed an original, but all of which together will constitute one and the same instrument. A facsimile or PDF copy of the signature of any signatory on this Agreement shall be deemed the equivalent of an original thereof. The signatories can execute on separate documents.

14. ***Continuing Jurisdiction.*** The parties shall request that the United States District Court for the Eastern District of Virginia retain jurisdiction over this matter for purposes of enforcing this settlement agreement.

**SIGNATORIES REPRESENT THAT THEY HAVE READ THIS AGREEMENT, THAT BASED THEREON, THEY UNDERSTAND ALL OF ITS TERMS, AND THAT THEY ENTER INTO THIS AGREEMENT VOLUNTARILY AND WITH FULL KNOWLEDGE OF ITS EFFECT.**

| | |
|---|---|
| ____________________ | ______________________________ |
| Date | Saul Graciano |
| ____________________ | ______________________________ |
| Date | Julio Rivera |
| ____________________ | ______________________________ |
| Date | Misael Armendades |
| 09/15/2025 | [signature] |
| Date | Melvin Menjivar Alas |
| ____________________ | ______________________________ |
| Date | Welner Ortiz |
| ____________________ | ______________________________ |
| Date | Jorge Luis Miranda |

13. ***Counterparts and Facsimile Signature:*** This Agreement may be executed in counterparts, each of which will be deemed an original, but all of which together will constitute one and the same instrument. A facsimile or PDF copy of the signature of any signatory on this Agreement shall be deemed the equivalent of an original thereof. The signatories can execute on separate documents.

14. ***Continuing Jurisdiction.*** The parties shall request that the United States District Court for the Eastern District of Virginia retain jurisdiction over this matter for purposes of enforcing this settlement agreement.

**SIGNATORIES REPRESENT THAT THEY HAVE READ THIS AGREEMENT, THAT BASED THEREON, THEY UNDERSTAND ALL OF ITS TERMS, AND THAT THEY ENTER INTO THIS AGREEMENT VOLUNTARILY AND WITH FULL KNOWLEDGE OF ITS EFFECT.**

| | |
|---|---|
| Date | Saul Graciano |
| Date | Julio Rivera |
| Date | Misael Armendades |
| Date | Melvin Menjivar Alas |
| 09/16/2025<br>Date | [signature]<br>Welner Ortiz |
| Date | Jorge Luis Miranda |

13. ***Counterparts and Facsimile Signature:*** This Agreement may be executed in counterparts, each of which will be deemed an original, but all of which together will constitute one and the same instrument. A facsimile or PDF copy of the signature of any signatory on this Agreement shall be deemed the equivalent of an original thereof. The signatories can execute on separate documents.

14. ***Continuing Jurisdiction.*** The parties shall request that the United States District Court for the Eastern District of Virginia retain jurisdiction over this matter for purposes of enforcing this settlement agreement.

**SIGNATORIES REPRESENT THAT THEY HAVE READ THIS AGREEMENT, THAT BASED THEREON, THEY UNDERSTAND ALL OF ITS TERMS, AND THAT THEY ENTER INTO THIS AGREEMENT VOLUNTARILY AND WITH FULL KNOWLEDGE OF ITS EFFECT.**

| | |
|---|---|
| ____________________ Date | ____________________ Saul Graciano |
| ____________________ Date | ____________________ Julio Rivera |
| ____________________ Date | ____________________ Misael Armendades |
| ____________________ Date | ____________________ Melvin Menjivar Alas |
| ____________________ Date | ____________________ Welner Ortiz |
| 09/17/2025 Date | JLMF Jorge Luis Miranda |

09/16/2025
_______________
Date

_______________
Diego William Palma

_______________
Date

_______________
Ilse Torrico

_______________
Date

_______________
Moises Torres

_______________
Date

_______________
Pillar Construction Inc.

By: _______________

______________________ ____________________________________________
Date Diego William Palma

09/16/2025
______________ ____________________________________________
Date Ilse Torrico

______________ ____________________________________________
Date Moises Torres

______________________ ____________________________________________
Date Pillar Construction Inc.

By: ________________________________________

Date

Diego William Palma

Date

Ilse Torrico

09/17/2025

Mt

Date

Moises Torres

Date

Pillar Construction Inc.

By: ________________________________

| | |
|---|---|
| Date | Diego William Palma |
| Date | Ilse Torrico |
| Date | Moises Torres |
| 9/16/2025<br>Date | Pillar Construction Inc<br>By: |